UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GUILLERMO A. SALAZAR-VELAZQUEZ,**

    Petitioner,

    v.                                                   **CIV. NO. 03-175 LH/ACT**

**JOHN ASHCROFT**,

    Respondent.

## MAGISTRATE JUDGES PROPOSED FINDINGS

## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed February 4, 2003. Petitioner is currently incarcerated and proceeding *pro se*. Petitioner challenges his status and treatment as an alien. He is asking the Court that he be considered a national of the United States. Moreover, Petitioner makes various constitutional claims regarding his order of removal from the United States. The United States Magistrate Judge, having considered the arguments of the parties, record, relevant law, and being otherwise fully advised, finds that Petitioner's claim of citizenship should be transferred to the Ninth Circuit and the remaining claims in the Petition are not well taken and should be denied.

### PROPOSED FINDINGS

    1.     Petitioner is a native and citizen of Columbia who entered the United States or about August 19, 1975, as a lawful permanent resident. Petitioner enlisted in the United States Army on

February 4, 1977. On April 19, 1978, Petitioner was honorably discharged from the Army as a result of a permanent disability incurred on active duty.

  2. On March 22, 1980, Petitioner was charged with importing 497 grams of cocaine into the United States. He was released on bond pending trial and failed to appear for trial. He was arrested in the Panama Canal Zone. On September 14, 1983, Petitioner pled guilty in the United States District Court for the Southern District of Florida to importing cocaine, an aggravated felony. 21 U.S.C. §§952(a) and 960(a);8. U.S.C. §1101(a)(43)(B)(classifying a drug trafficking offense as an aggravated felony for removal purposes.) He was sentenced to thirty months. On September 14, 1983, he was also convicted of failing to appear and sentenced to an additional nine months in prison.

  3. On May 8, 1984, Petitioner applied for naturalization. His application was denied due to his criminal convictions.

  4. On June 5, 1989, Petitioner was convicted in the United States District Court for the District of Central California of conspiring to possess cocaine with the intent to distribute and with possessing six kilograms of cocaine with the intent to distribute, both aggravated felonies. 21 U.S.C. §§841(a)(1) and 846; 8 U.S.C. §1101(a)(43)(B). He was sentenced to twenty years in federal prison.

  5. On June 17, 1999, the Immigration and Naturalization Service ("INS") issued a Notice to Appear to commence removal proceedings against the Petitioner. Hearings were conducted between July 19, 1999 and March 1, 2001, on ten occasions.

  6. On March 1, 2001, the Honorable William J. Nickerson, Jr., Immigration Judge ("IJ"), ordered Petitioner removed to Spain, or in the alternative, to Columbia. In addition, the IJ denied Petitioner's application for asylum, his petition for withholding removal, and his protection under the

Convention Against Torture.

7. Petitioner timely appealed the Immigration Court's order to the Board of Immigration Appeals ("BIA"). On July 23, 2001, the BIA dismissed his appeal saying that "[petitioner} is removable as an alien convicted of a controlled substance violation and an aggravated felony and is ineligible for any relief from removal." A subsequent motion to reopen the case was denied on October 26, 2001.

8. A petition for review was filed with the United States Court of Appeals for the Ninth Circuit on November 23, 2001. The sole issue presented was whether the BIA should be ordered to reopen his removal proceedings in light of the recently decided case of *INS v. St. Cyr*, 533 U.S. 289 (2001). On December 21, 2001, Petitioner moved to present additional issues before the court. On February 19, 2001, the court declined to hear Petitioner's motion and ruled it lacked jurisdiction over the claim, relying on 8 U.S.C. §1252(a)(2)(C). Petition asked the court to reconsider its order, and on April 25, 2002, the court denied the motion and ordered that "[n]o motions for reconsideration, rehearing, clarification, stay of the mandate, or any other submissions shall be filed or entertained in this closed docket."

*Jurisdiction.*

9. The first issue before this Court is whether it has habeas jurisdiction to consider Plaintiff's claims. In *INS v. St. Cyr*, 533, U.S. 289 (2001), the Supreme Court held that while the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by the Act of Oct. 11, 1996, Pub L. No. 104-302, 110 Stat. 3656, did, in fact repeal immigration statute providing habeas relief for aliens, it did not deprive federal courts of their historical jurisdiction under 28 U.S.C. §2241 to review constitutional

3

or statutory challenges.  After *St. Cyr,* courts have consistently held that the scope of review of claims filed by criminal aliens subject to deportation or removal is limited to questions of law.  *Catney v. INS*, 178 F.3d 190, 195 (3rd Cir. 1999); *Sol v. INS,* 274 F.3d 648, 651 (2nd Cir. 2001) *cert. denied* 536 U.S. 941 (2002); *Bowrin v. INS*, 194 F.3d 483, 490 (4th Cir. 1999).  Thus, the courts cannot review the discretionary decisions by the IJ or the BIA.  *Inico v. Reno*, 2002 U.S. Dist. LEXIS 17889, No. 99-CV-4738, 2002 WL 31102696 at *1 (E.D.N.Y. September 11, 2002).

10.     Moreover, amendments to the immigration statutes have imposed limitations on the scope of court of appeals review pursuant to §1252.  Since the amendments, the Courts have recognized that courts of appeal retain jurisdiction to determine threshold "jurisdictional stripping" issues such as that implicated in this case-whether the petitioner is in fact an alien or a citizen. *Hughes v. Ashcroft,* 255 F.3d 752 (9th Cir. 2001); *e.g., Tapia-Garcia v. I.N.S.*, 237 F.3d 1216, 1219 (10th Cir. 2001). In *Tapia-Garcia*, the Tenth Circuit expressly held that it:

> "retains jurisdiction under the permanent provision to determine whether the jurisdiction bar applies.  We may therefore decide whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute."  Id. at 1220.

11.     The Court concludes that it has jurisdiction over the constitutional issues that raise questions of law, specifically Petitioner's claim that his Fifth Amendment rights were violated.  The Court finds it does not have jurisdiction to hear Petitioner's claims: that the Court should review omitted portions of the transcripts of hearings; that the deportation proceedings violated his right to Due Process; and that the BIA erred in finding that the Petitioner has no protection under the Convention Against Torture ("CAT").  The Court further finds that the Ninth Circuit of the Court of Appeals has jurisdiction to hear Petitioner's allegations of citizenship.  This issue must be decided prior to any ruling on Petitioner's claim for §212(c) relief.

*Factual Issues.*

12.     Plaintiff claims he needs to cite to missing portions of his immigration hearing transcripts to prepare his arguments.  This is not a question of law.    Petitioner claims errors in the previous hearing violated his right to Due Process.  Errors alleged include that the IJ was prejudiced against him; that there were different judges and INS counsel at the various hearings; and that the Order to Show Cause issued by the IJ was factually incorrect.  Petitioner requests the Court to allow him to have additional witnesses to testify as to whether he will suffer prosecution or torture upon his return to Columbia.  Again, these issues was addressed by the IJ and the BIA and thus not subject to review.

*Fifth Amendment Constitutional Issue.*

13.     As discussed above, the Court has jurisdiction to decide constitutional claims raised by the Petitioner that are purely legal issues.  Petitioner asserts that his Fifth Amendment rights were violated.  Specifically, Petitioner alleges that his retirement benefits are being taken without just compensation. In support of his claim, Petitioner asserts that he has a contract with the armed services for benefits. Loss of benefits because of removal does not constitute a government taking under the Fifth Amendment.  *Schism v. United States*, 316 F.3d 1259, 1268 (Fed. Cir. 2002)*cert. denied* 2003 U.S. LEXIS 4404 (2003)(Benefits of retired military personnel "depend upon an exercise of legislative grace, not upon principles of contract, property, or 'taking' law."). Moreover, any pay from the military is from a statutory, not a contract right.  *Bell v. United States,* 366 U.S. 393, 401 (1961)("A soldiers' entitlement to pay is dependent upon statutory right.")  Pensions, benefits, allowances and privileges are all gratuities, and since they do not involve contractual agreements between the service member (active duty or retired) and the armed services, there is no

vested right to maintain such benefits.  *Schism*, 316 F.3d at 1272.

14.     Petitioner's reliance on 8 U.S.C. §1354 is misplaced.  This statute provides alien members of the armed forces the same rights and privileges as citizen members of the armed forces when they are on official travel status.  Petitioner has not alleged or produced any documents that he was "under official orders or permit of such Armed Forces."  8 U.S.C. §1354.

15.     Moreover, Petitioner's assertion that his expected loss of some retired military benefits does not violate the Double Jeopardy Clause.  A double jeopardy claim depends on the imposition of some form of criminal punishment.  *Hudson v. United States*, 522 U.S. 93, 99 (1997).  Removal is not criminal punishment.  *LeTourneur v. INS*, 538 F.2d 1368, 1370 (9th Cir. 1976)*cert. denied* 429 U.S. 1044(finding double jeopardy and cruel and unusual punishment claims without merit).

*Citizenship claim.*

16.     Petitioner argues in his petition that he is a naturalized United States citizen based on his honorable military service and his previously filed application for naturalization and, therefore not subject to deportation.  In general, a prospective deportee seeking judicial review of a removal decision must file a petition for review in the United States Court of Appeals for the circuit "in which the immigration judge completed the proceedings."  8 U.S.C. §1252(b)(2).  The immigration judge completed the proceedings in Arizona.  Because the IJ's finding with regard to Petitioner's citizenship is a question raised in this action, the U.S. Court of Appeals for the Ninth Circuit retains jurisdiction to address this issue.

17.     Petitioner is seeking relief under §212(c) of the Immigration and Naturalization Act of 1952 (since repealed), which authorized the Attorney General to waive deportation of a permanent resident who had lawfully resided in this country for seven years and had not served more than five

years of imprisonment on a conviction for an aggravated felony. *United States v. Aguirre-Tello*, 324 F.3d 1181, 1189 (10th Cir. 2003). Relief is only available if it is found that the Petitioner is an alien and committed an aggravated felony. The Ninth Circuit Court of Appeals retains jurisdiction over these two threshold issues.

18. To promote the expeditious disposition of this matter before the proper court, I find that this matter should be: (1) characterized as a petition for review of a final order of removal under 8 U.S.C. §1252(b) with the United States Attorney General as respondent; and (2) transferred to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. §1631. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001)(after determining threshold issue, recharacterizing petition for review as habeas petition and transferring to district court); *Wireko v. Reno*, 211 F.3d 833 (4th Cir. 2000)(district court transferred §2241 petition to court of appeals where threshold issue appeared to be the same issue as argued in habeas).

### RECOMMENDED DISPOSITION

I recommend that all the claims in the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed December 9, 2002, be dismissed with the exception of Petitioner's claim of citizenship and §212(c) relief, which should be transferred to the Ninth Circuit Court of Appeals.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed finding and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections

are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**