IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


GUILLERMO ALFONSO SALAZAR VELASQUEZ,

      Petitioner,


v.                                    CIV  NO. 03 - 175 LH/ACT


ALBERTO GONZALES, Attorney General,

      Respondent[1].


**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION ON
PETITIONER'S MOTION FOR FURTHER RELIEF**

      THIS MATTER COMES before the Court on Petitioner Guillermo Alfonso Salazar Velasquez's Motion for Further Relief.  (Doc. No. 16).  The Petitioner, an alien who is presently incarcerated in a correctional facility in New Mexico, faces deportation in March, 2006, when the twenty year federal sentence for drug offenses that he is currently serving ends.  Petitioner has been diligently fighting his potential deportation in a variety of forums and through a series of motions, appeals and petitions.  This Motion for Further Relief is one more of his long-standing attempts to reverse the March 1, 2001 decision of the Immigration Judge that he is removable as

---

[1] The Court sua sponte has changed the name of the Respondent Attorney General to reflect the newly sworn in Attorney General of the United States, the Honorable Alberto Gonzales.  The Clerk will amend the docket to reflect the new caption.

an alien convicted of a controlled substance violation and an aggravated felony.  Petitioner appealed that decision to the Board of Immigration Appeals which affirmed the decision of the Immigration Judge in all respects.   (Decision dated July 23, 2001, Government's Exhibit 6, Doc. No. 6).

This particular case was brought in February, 2003, as a Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241 in the District Court for the District of New Mexico.  The New Mexico District Court Judge ordered that the Petitioner's claim of citizenship and his request for §212(c) relief be transferred to the Ninth Circuit Court of Appeals because the removal decision by the Immigration Judge and Petitioner's appeal to the Board of Immigration Appeals took place in that Circuit.  (Doc. No. 12).

The two claims, the citizenship claim and the request for §212(c) relief, were transferred to the Court of Appeals for the Ninth Circuit.  On August 18, 2004, the Court of Appeals dismissed Petitioner's claim of citizenship for lack of jurisdiction under 8 U.S.C. §1252(b)(1). Petitioner's claim that he is eligible for Immigration and Nationality Act §212(c) relief was dismissed <u>without prejudice</u> so that Petitioner could file a "new 28 U.S.C. § 2241 habeas petition in the district court."  (Order of United States Court of Appeals for the Ninth Circuit, Docket No. 03-73750, August 18, 2004.)[2]

---

[2] This Order predates the amendment of 8 U.S.C. § 1252 by the REAL ID Act of 2005 enacted on May 11, 2005, Pub. L. No. 109-13, 119 Stat. 231.  The amendments strip the district courts of habeas corpus jurisdiction under 28 U.S.C. § 2241 "or any other habeas corpus provision" when the habeas corpus petition seeks review of administrative orders of removal, deportation or exclusion entered under the Immigration and Nationality Act.  Assuming that Petitioner would be bringing his claim of citizenship under 28 U.S.C. § 2241 and seeking this kind of review, the REAL ID Act would now place original jurisdiction to hear his claims in the Court of Appeals for the Ninth Circuit, and not with the District Court. 28 U.S.C. § 1252(a)(5).

The New Mexico District Court dismissed the remaining claims brought by the Petitioner in this Application for the Writ of Habeas Corpus <u>with prejudice</u> either because they were not subject to review in an application for the Writ of Habeas Corpus or because the Petitioner failed to establish that his constitutional rights had been or would be violated as a result of the final order of removal and his pending deportation. (Docs. No. 12 and 10). Petitioner appealed this decision to the Court of Appeals for the Tenth Circuit. The Tenth Circuit reviewed the dismissal of the 28 U.S.C. § 2241 Application for the Writ of Habeas Corpus *de novo* and affirmed the decision of the District Court. (Decision of the United States Court of Appeals for the Tenth Circuit dated September 10, 2004, Doc. No. 15).

The decision of the New Mexico District Court is a final decision, affirmed on appeal. (Docs. No. 12 and 15). The final judgment is of record. Once a final judgment is entered, direct relief from the judgment is ordinarily governed by Fed. R. Civ. P. 60. In this case, the Court will construe Petitioner's Motion as a Motion under Fed. R. Civ. P. 60(b)(6) which allows relief from a final judgment "for any other reason justifying relief from the operation of the judgment." A district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when such action is necessary to accomplish justice. *Lyons v. Jefferson Bank & Trust*, 994 F. 2d 716, 729 (10th Cir. 1993). Extraordinary circumstances may exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable. *Cashner v. Freedom Stores, Inc.*, 98 F. 3d 572, 579 (10th Cir. 1996).

Petitioner has not presented <u>any</u> reason, much less the extraordinary circumstances required, that would persuade this Court to recommend granting relief from the final judgment. He continues to argue that he is a "national" of the United States by virtue of his service in the United States Army. This argument has been presented to every court reachable by the Petitioner

3

and has been thoroughly rejected by every one of these courts.

Under United States law, a person is either a "citizen" or a "national" of the United States or is an "alien".  Nationality Act of 1940, 8 U.S.C. § §101(a), 204.  A "national" of the United States can only be created by legislative or other action of the federal government.  It is not acquired by a mere assertion of allegiance. *Sierra Reyes, v. INS*, 585 F. 2d 762 (5th Cir. 1978); *Oliver v. U.S. Dep't of Justice*, 517 F. 2d 426 (2d Cir. 1975), *cert. denied*, 423 U.S. 1056 (1976); *Matter of Tuitasi*, 15 I. & N. Dec. 102 (BIA 1974).

Petitioner is not a national of the United States.  Only those born in certain outlying possessions, currently American Samoa and Swains Island, or those whose parents meet very specific definitions, qualify as a national of the United States.  8 U.S.C. § 1408.  Service in the United States military does not bestow the status of a "national" upon the serviceperson.  A person may be stateless as to other countries, having relinquished or lost a previous citizenship, but that does not confer upon him or her the status of a "national" of the United States.  Petitioner has presented no new arguments or evidence in support of his claim that he is a "national" of the United States.   This Court finds that Petitioner is not entitled to relief from this final judgment based upon his argument that he is a "national" of the United States.

Petitioner also asks this Court to order the Bureau of Prisons to transfer him to a federal correctional facility in California so that he may file his Application for the Writ of Habeas Corpus as suggested by the Court of Appeals for the Ninth Circuit.[3]  The determination of the

---

[3] This request may now be irrelevant in light of the REAL ID Act of 2005 which places original jurisdiction of 28 U.S.C. § 2241 petitions involving most issues regarding final orders of removal or deportation in the Court of Appeals for the circuit in which the final order was issued, in this case the Ninth Circuit.

correctional facility in which a defendant serves a federal term of imprisonment is exclusively the decision of the Bureau of Prisons.  18 U.S.C. § 3621(b).  While the Court may make a recommendation as to placement, the final decision is left to the discretion of the Bureau of Prisons.  The Court cannot grant the relief requested by the Petitioner.

Petitioner also asks this Court to recommend that the Bureau of Prisons transfer him from his present correctional facility which houses inmates facing a final order of removal.  Petitioner argues that since his order is not final, he should not be housed with these inmates.  On May 4, 2004, the United States Court of Appeals for the Ninth Circuit issued a temporary stay of removal that continued in effect until the Court of Appeals rendered its final opinion.  The final opinion, dismissing Petitioner's appeal for lack of jurisdiction, was entered of record on August 18, 2004, thereby automatically lifting the stay.  Furthermore, on January 7, 2005, the Court of Appeals for the Ninth Circuit issued an Order denying Petitioner's Motion for Reconsideration and prohibiting any further filing in this closed docket.  For these reasons, the Court finds that Petitioner is facing a final order of removal and will not recommend to the Bureau of Prisons that Petitioner be transferred to another facility on this basis.

Lastly, Petitioner asks this Court to make a factual determination on when his removal proceedings began.  This fact may or may not be important in his quest for 212(c) relief.  *See*, *e.g.*, *In re Davis*, 22  I & N Dec. 1411 (BIA 2000).  (Alien whose deportation proceedings were pending on April 24, 1996, was not subject to amendments made to Section 212(c) by the AEDPA or the IIRIRA but was subject to the provision that prohibited 212(c) waivers for felons who had served five years imprisonment.)  The District Court severed Petitioner's claim for 212(c) relief and transferred the claim to the Court of Appeals for the Ninth Circuit.  The Court of

Appeals in turn dismissed the claim without prejudice so that Petitioner could file a Petition for the Writ of Habeas Corpus on this claim. This Court no longer has jurisdiction over the 212(c) claim. The factual issue is only relevant in the course of Petitioner's 212(c) claim. Therefore, this Court will not make a factual determination on this issue.

## CONCLUSION

The Court recommends that Petitioner's Motion for Further Relief be DENIED. He has not presented the extraordinary circumstances that would justify granting any relief from the final judgment in this case. Petitioner has asked for transfer to another correctional facility but this Court does not have the authority to order such a transfer. Petitioner has asked for a factual determination of when his removal proceedings began but that factual determination is irrelevant to the case at hand.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE